**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Michael Vincent Clinger | : | |
| | : | 2:25-CV-5259 |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| The Honorable Linda Cartisano, et al. | : | |
| | : | |
| *Defendants* | : | |
| _____ | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2025, upon consideration of the Motion to Dismiss Plaintiff's Complaint filed on behalf of Defendants the Honorable Linda Cartisano, the Honorable John Whelan, and District Court Administrator Gerald Montella, and any response thereto, it is hereby ORDERED that the Motion to Dismiss is GRANTED, and all claims against Judicial Defendants are hereby DISMISSED, with prejudice.


BY THE COURT:


_____, J

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Michael Vincent Clinger        :
       :      2:25-CV-5259
       *Plaintiff*        :
       v.        :
       :
The Honorable Linda Cartisano, et al. :
       :
       *Defendants*        :
_____:

### Defendants the Honorable Linda A. Cartisano, the Honorable John Whelan, and District Court Administrator Gerald Montella's Motion to Dismiss Plaintiff's Complaint

**NOW COME DEFENDANTS**, the Honorable Linda A. Cartisano, the Honorable John Whelan, and District Court Administrator Gerald Montella (collectively "Judicial Defendants"), by and through their undersigned counsel, and file this Motion to Dismiss Plaintiff's Complaint, for the reasons set forth below and in the accompanying brief.

1.  Plaintiff filed this Complaint on September 12, 2025, which purports to allege constitutional violations against, *inter alia*, a Delaware County Common Pleas Judge who briefly presided over Plaintiff's civil proceedings, the President Judge of the Delaware County Court of Common Pleas, and the District Court Administrator.

2.  Despite fashioning this as a due process claim, Plaintiff's Complaint attempts to litigate the merits of his underlying civil matter, a corporate ownership dispute and related claims.

1

3.  Indeed, Plaintiff's Complaint describes alleged actions and motivation of private Defendants, and Plaintiff's sole complaint against Judicial Defendants is that "no rulings have been issued" on his various motions in the underlying case.

4.  According to Plaintiff, Judge Whelan "admitted to a personal relationship" with Plaintiff's father, and recused himself from the underlying proceedings.

5.  Plaintiff's Complaint does not contain any specific allegations against President Judge Cartisano or District Court Administrator Montella.

6.  Plaintiff sets forth several alleged causes of action, including:

- Count I – 42 U.S.C. § 1983 – Due Process

- Count II – 42 U.S.C. § 1985(3) – Conspiracy

- Count III – 42 U.S.C. § 1986 – Neglect to Prevent

- Count IV – State Law Claims

    o  Wrongful Use of Civil Proceedings (42 Pa.C.S. § 8351)

    o  Abuse of Process

    o  Fraud Upon the Court

    o  Professional Negligence / Elder Exploitation

7.  Plaintiff seeks the following relief:

- A declaratory judgment recognizing Plaintiff as the sole lawful owner of W.H.Clinger Corporation

- Immediate injunctive relief halting enforcement, garnishments, and seizures

- Vacatur of all post-recusal orders and docket manipulations

- Compensatory damages exceeding $20,000,000

- Punitive damages for intentional misconduct

- Reasonable attorneys' fees under 42 U.S.C. § 1988

- Preservation of rights to amend and supplement

8.    Judicial Defendants are officials of the Delaware County Court of Common Pleas, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(4) and thus part of the Commonwealth.

9.    The immunity afforded by the Eleventh Amendment to the United States Constitution bars Plaintiff's claims against Judicial Defendants in their official capacity.

10.    Judicial Defendants in their official capacity are not "persons" under Section 1983.

11.    Plaintiff's claims against Judicial Defendants in their individual capacity are barred by the doctrine of absolute judicial immunity and quasi-judicial immunity.

12.    Declaratory Relief is improper.

13.    This action is barred by doctrines of abstention.

14.    Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

15.    Given the nature of the aforementioned defenses, leave to amend would be futile.

**WHEREFORE**, Judicial Defendants respectfully request that this Court

dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**s/ Nicole Feigenbaum**
NICOLE FEIGENBAUM, ESQUIRE
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

***Attorney for Judicial Defendants***

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Vincent Clinger | : | |
| | : | 2:25-CV-5259 |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| The Honorable Linda Cartisano, et al. | : | |
| | : | |
| *Defendants* | : | |
| _____ | : | |

**Brief in Support of Defendants the Honorable Linda A. Cartisano, the Honorable John Whelan, and District Court Administrator Gerald Montella's Motion to Dismiss Plaintiff's Complaint**

## I.    INTRODUCTION

Plaintiff filed this Complaint on September 12, 2025, which purports to allege constitutional violations against, *inter alia*, a Delaware County Common Pleas Judge who briefly presided over Plaintiff's civil proceedings, the President Judge of the Delaware County Court of Common Pleas, and the District Court Administrator.

For the purpose of brevity, Judicial Defendants will not reiterate the underlying facts related to Plaintiff's state court proceedings, which are set forth in detail in other Defendants' Motions to Dismiss. This Court may take judicial notice of the publicly available Delaware County civil docket, *William H. Clinger Corporation v. Michael Clinger,* CV-2020-005848.

1

Despite fashioning this as a due process claim, Plaintiff's Complaint attempts to litigate the merits of his underlying civil matter, a corporate ownership dispute and related claims. Indeed, Plaintiff's Complaint describes alleged actions and motivation of private Defendants, and Plaintiff's sole complaint against Judicial Defendants is that "no rulings have been issued" on his various motions in the underlying case.

According to Plaintiff, Judge Whelan "admitted to a personal relationship" with Plaintiff's father, and recused himself from the underlying proceedings. Plaintiff's Complaint does not contain any specific allegations against President Judge Cartisano or District Court Administrator Montella.

Plaintiff sets forth several alleged causes of action, including:

- Count I – 42 U.S.C. § 1983 – Due Process

- Count II – 42 U.S.C. § 1985(3) – Conspiracy

- Count III – 42 U.S.C. § 1986 – Neglect to Prevent

- Count IV – State Law Claims

  o Wrongful Use of Civil Proceedings (42 Pa.C.S. § 8351)

  o Abuse of Process

  o Fraud Upon the Court

  o Professional Negligence / Elder Exploitation

Plaintiff seeks the following relief:

- A declaratory judgment recognizing Plaintiff as the sole lawful owner of W.H.Clinger Corporation

2

- Immediate injunctive relief halting enforcement, garnishments, and seizures

- Vacatur of all post-recusal orders and docket manipulations

- Compensatory damages exceeding $20,000,000

- Punitive damages for intentional misconduct

- Reasonable attorneys' fees under 42 U.S.C. § 1988

- Preservation of rights to amend and supplement

## II.   <u>ARGUMENT</u>

Motions under 12(b)(1)(2) present either a facial or factual challenge to subject matter jurisdiction. *Gould Electronics, Inc. v. U.S.*, 220 F. 3d 169, 176 (3d Cir. 2000). With facial challenges, the Court must consider only the allegations of the complaint and any referenced documents with a view in the light most favorable to the plaintiff. *Id.*

When evaluating a 12(b)(6) motion, the court must consider whether, viewing all well-pleaded facts of the complaint as true and in the light most favorable to the plaintiff, the complaint states a claim as a matter of law. *Id.* at 178; *see also Ashcroft v. Iqbal*, 555 U.S. 1030 (2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557,

3

564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## A.    Eleventh Amendment and Sovereign Immunity Bar Plaintiff's Claims Against Judicial Defendants

Absent a state's consent, all states and state entities are entitled to immunity under the Eleventh Amendment of the United States Constitution. See *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008). The Eleventh Amendment is a jurisdictional bar that deprives a federal court of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Claims brought for violations of constitutional rights under 42 U.S.C. § 1983 are subject to the Eleventh Amendment. See *Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008); *Collins v. Sload*, 212 Fed.Appx. 136, 140 n.5 (3d Cir. 2007). The Eleventh Amendment bars not only requests for monetary relief against a state and its entities, but also requests for equitable relief. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-46 (U.S. 1993).

The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system" and the term "court" includes "any one or more of the judges of the court…" 42 Pa. C.S. 102; *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000). *See also Benn v. First Judicial District*, 426 F.3d 233, 239-

4

40 (3rd Cir. 2005), citing *Pennhurst State School v. Haldeman*, 465 U.S. 89, 100 (1984) and *Hans v. Louisiana*, 134 U.S. 1 (1890), in which the Third Circuit Court of Appeals definitively ruled that Pennsylvania's Court entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity. Thus, immunity clearly extends to the Pennsylvania court system, including the Delaware County Court of Common Pleas and its judges and administrators.

A suit against a state official in his official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Accordingly, this suit against Judicial Defendants in their official capacity is a suit against the Court, and the Court and individuals in their official capacities are entitled to Eleventh Amendment immunity.

To the extent that Plaintiff's claims are construed as state law claims, Pennsylvania has not waived its sovereign immunity. Statutory law provides that the Commonwealth and its officials are immune from suit. 1 Pa. C.S. § 2310; 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.") This immunity extends to the Pennsylvania court system. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005) (the Third Circuit Court of Appeals held that the Philadelphia Court of Common Pleas is entitled to federal Eleventh Amendment immunity.)

1 Pa. C.S. §2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." (Emphasis added.) *See also,* 42 Pa. C.S. § 8521. Pennsylvania has not waived its sovereign immunity.

## B.    Judicial Defendants in their Official Capacity are not "Persons" Under Section 1983

Plaintiff's claims against Judicial Defendants in their official capacity are properly dismissed because the Courts are not subject to suit under 42 U.S.C. § 1983. A plaintiff bringing a cause of action under Section 1983 must demonstrate that "a person" acting under color of law deprived him of a federal right. *Id*. at 633.

As set forth above, Judicial Defendants are part of the Delaware County Court of Common Pleas, which in turn are part of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(2) and (4). As such, it is a state entity, which is not a "person" under Section 1983 and cannot be sued under the civil rights statute. See *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) Accordingly, any Section 1983 claims against the Judicial Defendants in their official capacity are properly dismissed.

Plaintiff fails to set forth any specific allegations against President Judge Cartisano or District Court Administrator Montella, and thus they are presumably named in their official capacities simply by nature of their administrative titles.

6

### C.    Judicial Defendants are Entitled to Absolute Judicial Immunity and Quasi-Judicial Immunity

Judicial immunity was "the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). The concept of judicial immunity is deeply rooted in American Jurisprudence. In *Bradley v. Fisher*, the United States Supreme Court established the principle that, "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Gonzales v. Clerk of Courts of Bucks County*, 1991 WL 133647 at *1 (E.D. Pa. 1991), *citing Bradley*, 80 U.S. at 347. *See also*, *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768-70 (3d Cir. 2000) (stating that judges have absolute immunity for their actions if 1) they are those normally performed by judges and 2) the parties dealt with the judge in his judicial capacity, and notwithstanding the fact that the actions were taken in error, done maliciously, or were in excess of his authority. (citations omitted).

Absolute immunity defeats a lawsuit at the outset. *Imbler v. Pachtman*, 424 U.S. 409, 418 at n. 13 (1976) *See also*, *Siegert v. Gilley*, 500 U.S. 226, 232, (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"); *In re Montgomery County,* 215 F.3d 367, 373 (3d Cir. 2000) ("absolute immunity creates not only protection from liability, but also a right not to stand trial"), *cert. denied*, 531 U.S. 1126 (2001).

7

Judges are immune from liability when (1) the judge has jurisdiction over the subject matter before him; and (2) he is performing a judicial act. *Mireles v. Waco*, 502 U.S. 9, 11 - 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see Hanna v. Slevin*, 8 Pa. Super. 509, 510 (1898). Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, or in excess of the judge's authority. *Stump v. Sparkman, supra; Pierson v. Ray*, 386 U.S. 547, 554 (1967)(emphasis added).

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id.* The doctrine applies to allegations of civil rights violations, *Pierson v. Ray, supra*, as well as to state tort claims. *Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. 1987); *Praisner v. Stocker*, 459 A.2d 1255, 1261 (Pa. Super. 1983).

Only two requirements for judicial immunity exist: jurisdiction over the dispute and a judicial act. *Mireles*, 502 U.S. at 11-12. Jurisdiction must be construed broadly. *Figueroa v. Blackburn,* 208 F.3d 435, 441-43 (3d Cir. 2000). Only a "clear absence of all jurisdiction" can dissolve immunity. *Stump*, 435 U.S. at 356. The jurisdictional inquiry is not limited to jurisdiction over a single case but extends to a court's jurisdictional parameters. *See generally id.* at 357-59. In this case, Delaware County Court of Common Pleas had and retains jurisdiction over all referenced underlying actions and proceedings.

8

Quasi-judicial immunity has been extended to bar actions against court personnel such as court clerks, prothonotaries, those who function at a judge's direction and those who perform a quasi-judicial function. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000); see also *McKnight v. Baker*, 415 F. Supp. 2d 559, 563 n.6 (E.D. Pa. 2006). Quasi-judicial immunity from suit is available to those who "perform functions closely associated with the judicial process" *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993); *Cleavinger v. Samaar*, 474 U.S. 193, 200 (1985); *De Ferro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989)(absolute immunity extends to protect non-judicial officials whose activities are integrally related to the judicial process); *Davis v. Philadelphia County et al.*, 195 F.Supp.2d 686, 689 (E.D. Pa. 2002)(quasi-judicial immunity applies to court staff, such as clerks of judicial records).

Court employees who act as an extension of the Court are entitled to immunity, which extends to quasi-judicial officials whose activities are integrally related to the judicial process, such as District Court Administrator Montella. *Gonzales v. Clerk of Courts of Berks County*, 1991 U.S. Dist. LEXIS 9814, (E.D. Pa. 1991); *Winston v. Pavlock*, 2011 U.S. Dist. LEXIS 75350 (W.D. Pa. 2011). Here, there are no allegations regarding Court Administrator Montella, but presumably any claims relate to his official duties and actions taken at judicial leadership direction.

### D.    Equitable Relief is Improper

It's unclear what specific relief Plaintiff seeks against Judicial Defendants.
To the extent Plaintiff improperly seeks "declaratory relief" related to Judicial
Defendants, the only factual allegation against Judicial Defendants is that Judge
Whelan recused himself from the proceedings. But Judicial immunity extends to
both damages and injunctive and declaratory relief. *Guarrasi*, 25 A.3d at 405 n. 11;
*Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d
Cir. 2006). *Andrews v. Hens-Greco*, 641 Fed. Appx. 176, 181 (3d Cir. 2016) (holding
that judicial immunity barred "declaratory" claim that was actually a retrospective
claim). Plaintiff cannot seek a declaration for something that happened in the past.
*O'Callaghan v. Hon. X*, 661 Fed. Appx. 179, 182 (3d Cir. 2016) (holding that seeking a
declaration that a judge violated one's rights in the past is "not a proper use of a
declaratory judgment.")

### E.    Abstention

To the extent that Plaintiff seeks to review, remove, or dispute a judgement
entered in the state court, it is well settled that federal courts lack jurisdiction to review
state court judgments where the relief sought is in the nature of appellate review. *E.g.*,
*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity
Trust Co.*, 263 U.S. 413 (1923); *Blake v. Papadakos*, 953 F. 2d 68, 71 (3d Cir. 1992). The
*Rooker-Feldman* doctrine applies where: 1) the plaintiff lost in state proceedings; 2)
the decision caused the claimed injuries; 3) the decisions were rendered before the
plaintiff filed the federal suit; and 4) the plaintiff is inviting the federal court to review

10

and reject the those decisions. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010), cert. denied, 131 S.Ct. 1798 (2011)

Under the long-established doctrine, a federal district court has no authority to review judgments of a state court. Review of state court judgments may be had only in the state appellate courts and in the United States Supreme Court. A "losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). While general constitutional challenges to state rules are not barred by *Rooker-Feldman*, a claim which, "would effectively reverse the state decision or void its ruling" is barred by *Rooker-Feldman. Focus v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)). When this occurs, the courts have determined the issues are, "inextricably intertwined" and have found the district court has no subject matter jurisdiction. *Id.*

In addition, the *Younger* abstention doctrine requires this Court to abstain from hearing this matter. The underlying state custody case in which Plaintiff claims that Defendants violated his due process is still active. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a federal court will abstain where a federal adjudication would disrupt ongoing state court proceedings and when the requested equitable relief would constitute federal interference in state judicial proceedings. *Marks v. Stinson*, 19 F.3d 873, 883 (3rd Cir. 1994). The Supreme Court has

11

explained that part of the purpose of the *Younger* abstention is to avoid "duplicative legal proceedings" and the "disruption of the state . . . justice system." *Steffel v. Thompson*, 415 U.S. 452, 462 (1974).

Younger* applies to three categories of proceedings: (1) "ongoing state criminal prosecutions"; (2) "certain civil enforcement proceedings"; and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (internal quotations omitted), *quoting Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–79 (2013). After a court finds that a proceeding fits one of these descriptions, then it may consider "*additional* factors" under *Middlesex. Id.* (emphasis by Court), *citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) and *quoting Sprint*, 571 U.S. at 81. The *Middlesex* factors are: there is (1) "an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) ... provide[s] an adequate opportunity to raise [federal] challenges." *Sprint*, 571 U.S. at 81 (2013) (internal quotations omitted).

Here, there is an ongoing action in a Pennsylvania state court. Plaintiff has the opportunity to present evidence and testimony to contradict that presented by any of the state court participants. Further, he has the opportunity to file an appeal of any final order in the state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (holding that a federal court should assume that state court appellate

proceedings will afford an adequate remedy for federal claims). Consequently, the court should abstain in this matter.

As a related argument, the requested relief is inappropriate as it seeks to have this Court intervene or otherwise compel the state court to take specific actions, which violates principles of federalism and comity. *See Hoey v. Toprani*, 285 F.Appx. 960, 961 (3d Cir. 2006) (holding that a mandamus may not issue to dismiss state criminal charges and order the plaintiff's release from prison); *see also In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 134 F.3d 133, 143 (3d Cir. 1998) (holding that the Anti-Injunction Act, 22 U.S.C. § 2283, prevents a federal court from enjoining state court proceedings).

Conclusory allegations of state-court bias are insufficient to overcome *Younger* abstention. See *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 629-32 (finding plaintiff's claims of judicial bias and conspiracy did not prevent *Younger* abstention), aff'd, 572 Fed. App'x 68 (3d Cir. 2014).

**F.    Plaintiff's Complaint Fails to Present a Cognizable Claim Upon Which Relief Can Be Granted**

Even if Plaintiff's claims were not prohibited by the defenses set forth above, which form a sufficient basis to dismiss the Complaint with prejudice, the Complaint fails to adequately plead a claim upon which relief can be granted. A claim has facial plausibility when the plaintiff pleads factual content that allows a Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Lopez v. Beard*, 333 Fed. Appx. 685, 687 (3d Cir. 2009) If the facts

13

pleaded do not allow a Court to infer more than the mere possibility of misconduct, that complaint has failed to show that the plaintiff is entitled to relief. *Id*. Mere "threadbare recitals" of the elements of a cause of action supported by conclusory allegations are insufficient. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Here, the Complaint comes up far short in laying out what exactly Judicial Defendants did that supports any constitutional violations.

Plaintiff has failed to introduce any factual allegations to support a claim he was denied right to a full and fair opportunity to be heard by an impartial and unbiased judicial tribunal. Plaintiff cites to Pa. R.C.P. 1531. ("Special Relief. Injunctions") for his contention that he is or was entitled to an immediate hearing on his various Motions in state court. This rule does not, in fact, stand for Plaintiff's contentions. This rule generally requires notice and a hearing before the Court enters a preliminary injunction. No such "injunction" was entered below. It appears that Plaintiff is dissatisfied with the speed at which his underlying motions are being reviewed and/or ruled upon. Due process does not require Plaintiff's motions be heard at breakneck speed.

The well-known standard for a Fourteenth Amendment procedural due process claim requires Plaintiff to show that: 1) they were deprived of an interest that the Fourteenth Amendment encompasses; and 2) the procedural safeguards surrounding the deprivation were inadequate. *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Due process' fundamental requirement is an opportunity to be heard "at a meaningful time and in a meaningful manner."

14

*Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). In order to state a substantive due process claim, plaintiffs must show that defendants deliberately and arbitrarily, capriciously or for an improper motive, deprived them of a fundamental right or interest that substantive due process protects. *See Koorn v. Lacey Twp.*, 78 Fed. Appx. 199, 202 (3d Cir. 2003).

Due process neither is a guarantee against incorrect or ill-advised decisions nor is it violated because a state violates its own procedures or law. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009). Due process "calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972. Plaintiff has failed to plead sufficient allegations that his due process rights were violated.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, the Honorable William C. Robinson, the Honorable William Shaffer, the Honorable Kelley T.D. Streib, and the Honorable Timothy F. McCune respectfully request that this Honorable Court grant this Motion to Dismiss the Amended Complaint, with prejudice.

Respectfully submitted,

**s/ Nicole Feigenbaum**
NICOLE FEIGENBAUM, ESQUIRE
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania, AOPC
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Attorney for Judicial Defendants***

15

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Michael Vincent Clinger    :
            :  2:25-CV-5259
      *Plaintiff*  :
    v.       :
            :
The Honorable Linda Cartisano, et al. :
            :
      *Defendants* :
_____:

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 27, 2025, she caused to be served upon the following a copy of the foregoing *Motion to Dismiss Complaint and Brief in Support of Motion to Dismiss*, via ECF to all counsel of record, and to Plaintiff by first class mail at the following:

  Michael Vincent Clinger
  1730 Newark Road
  Kennett Square, PA 19348
  ***Pro Se Plaintiff***

        **/s/Nicole Feigenbaum**
        **NICOLE FEIGENBAUM, ESQUIRE**
        Attorney I.D. PA 319765
        Supreme Court of Pennsylvania
        Administrative Office of PA Courts
        1515 Market Street, Suite 1414
        Philadelphia, PA 19102
        Legaldepartment@pacourts.us
        (215) 560-6326, Fax: (215) 560-5486
        ***Attorney for Judicial Defendants***