# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MICHAEL VINCENT CLINGER,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 25-5259** |
| | : | |
| **LINDA A. CARTISANO, et al.,** | : | |
| *Defendants.* | : | |

**Scott, J.**                                                                                     **November 24, 2025**

## <u>MEMORANDUM</u>

Plaintiff Michael Vincent Clinger filed a complaint in federal court alleging that fourteen defendants[1] conspired to deprive Clinger of what he alleges to be his property and financial interests in the W. H. Clinger Corporation, his father's eponymous corporation. Defendants, in six separate motions, moved to dismiss Clinger's claims. As explained further below, the Court agrees with Defendants that it lacks subject matter jurisdiction, that some Defendants are immune from suit, and that Plaintiff has otherwise failed to state a claim for relief. Accordingly, Defendants' motions to dismiss are granted. The Court denies the remaining pending motions as moot.

---

[1] The fourteen defendants may be divided into six groups—largely based on the similarity of allegations and claims against them, the similarity in defenses to those claims, and the filings of six distinct motions to dismiss Clinger's Complaint—as follows: (1) William H. Clinger, III and the W.H. Clinger Corporation (the "WHC Defendants"); (2) Roy S. Cohen, Evan A. Blaker, and Cohen Seglias Pallas Greenhall & Furman (the "Cohen Defendants"); (3) the Hon. Linda A. Cartisano and the Hon. John J. Whelan (the "Judicial Defendants"); (4) the Hon. Gerald C. Montella; the Hon. Mary Walk, and Thomas Harken (the "Administrative Defendants"); Walter J. Timby, III, Paul Fellman, and Gibson & Perkins, P.C. (the "GP Defendants"); and (5) Benjamin D. Schwartz ("Schwartz").

## I.    Factual Background

Plaintiff Clinger alleges that the Defendants, "through a coordinated series of unlawful acts under color of state law, . . . have seized corporate control, frozen Plaintiff's accounts, and denied him access to both his property and the courts." Compl., ECF No. 1, at 1.  On Clinger's account, this seizure came to fruition in November 2020. *Id.* ¶ 3.  During that time, Clinger was incarcerated and apparently failed to respond to a complaint against him in the Court of Common Pleas of Delaware County. *Id.*    When a default judgment was obtained against him by the WHC Defendants, who were represented by some of the GP Defendants, Clinger filed at least five motions in the Delaware County court from July 23, 2025 through August 27, 2025—all stylized as "emergency" filings—that apparently sought to undo the years-old entry of default judgment against him. *Id.* ¶¶ 4–5.

Displeased with the pace at which the state court action progresses, suspicious of a conspiracy against him by various judges, private attorneys, and court officers, and desirous of having his access to company funds reinstated, Clinger chose to file the present action in federal court, alleging (1) a due process claim under 42 U.S.C. § 1983, (2) a conspiracy claim under 42 U.S.C. § 1985(3), a neglect to prevent claim under 42 U.S.C. § 1986, and (4) a set of four Pennsylvania state law claims (wrongful use of civil proceedings, abuse of process, fraud upon the court, and "professional negligence/elder exploitation."). *Id.* at 4.  Clinger's requested relief includes "declaratory judgment recognizing Plaintiff as the sole lawful owner of W.H. Clinger Corporation" and "vacatur of all post-recusal orders and docket manipulations [in the Delaware County action]." *Id.*

## II.    Procedural Background

Clinger filed his Complaint on September 12, 2025, simultaneously with a motion for a temporary restraining order (ECF No. 2).  The Court held a telephonic status conference on September 18, 2025, instructing Clinger to pay the filing fee and informing him that the Court will deny the TRO but permit Clinger to refile his motion as a motion for a preliminary injunction once he serves all defendants.  *See* Sept. 23, 2025 Order (ECF No. 14) and Sept. 30, 2025 Order (ECF No. 16).[2]

In the interim, Defendants filed six motions to dismiss (ECF Nos. 13, 20, 27, 28, 29, and 32).  After a preliminary review of these motions, the Court ordered Defendants to abide by Section III.E of the Court's Policies and Procedures, which requires "multiple defendants [to] file joint motions with their co-parties, unless there are conflicts in their positions," by requiring Defendants to file a joint document that outlines areas of overlap and areas of conflict among the Defendants' positions.  Oct. 29, 2025 Order (ECF No. 33).  The Defendants filed their joint document on November 4, 2025.  ECF No. 35.  Plaintiff Clinger filed his responses in opposition to the motions to dismiss in two filings, both stylized as "omnibus" oppositions to the motions to dismiss.  ECF Nos. 31, 32; *see also* ECF No. 37 (Plaintiff's Notice of Adoption and Incorporation of Prior Oppositions).  On November 11, 2025, Defendants filed a joint reply in support of their motions to dismiss.  ECF No. 39.  The next day, Clinger filed a motion to strike this reply filing because Defendants did not obtain permission from this Court to file supplemental briefing and because Clinger argues that the reply improperly introduces new argument.  ECF No. 40 at 1-2.

---

[2] Between the date of the Sept. 18, 2025 status conference and the Sept. 30, 2025 Order, Clinger filed a second motion for a temporary restraining order (ECF No. 12), which this Court denied for the same reasons it denied the first TRO.

### III.  Legal Standard

Defendants move to dismiss Clinger's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).  *See, e.g.*, ECF No. 35 at 2–14.  Additionally, the Judicial Defendants and Administrative Defendants argue that they are entitled to judicial or quasi-judicial immunity.  *See, e.g.*, *id.* at 10–11.

#### A. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)*

When considering a 12(b)(1) motion, the Court first must determine whether the 12(b)(1) motion presents "a 'facial' attack or a 'factual' attack on the claim[s] at issue, because that distinction determines how the pleading must be reviewed."  *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (internal citations omitted).  "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case—and here [a] District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction."  *Id.* at 358.  By contrast, a "facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because . . . [certain] jurisdictional defect[s] [are] present."  *Id.*  Unlike a factual attack—where the Court may look beyond the pleadings to ascertain certain facts—a Court reviewing a facial attack to subject matter jurisdiction "must only consider the allegations of the complaint and documents referenced thereto, in the light most favorable to the plaintiff."  *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

The Court construes the instant motion as a factual attack because Defendants have introduced factual material relevant to the jurisdictional dispute in the form of a sworn affidavit by William H. Clinger III in their joint reply brief.[3]  ECF No. 42-2.  Additionally, for purposes of

---

[3] Clinger has moved to strike the reply (ECF No. 40), but the Court finds Clinger's reasoning unsound and denies the motion to strike.  The Court's Policies and Procedures § III.E(1) permit a moving party to file "[o]ne reply brief . . .

this motion, the Court is permitted to take judicial notice—as matters of public record—of docket entries in separate litigation proceedings and of the existence of another court's opinions (not for the truth of the facts recited therein but for the existence of the opinion itself). *FCS Capital LLC v. Thomas*, 579 F. Supp. 3d 365, 647 (E.D. Pa. 2022). Under either the facial or factual standard, such judicial notice is permissible because Clinger references these documents throughout his Complaint. ECF No. 1 at 1–5.

### B. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). In addition to the complaint's factual allegations, the Court may consider "exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *M&M Stone Co. v. Pennsylvania*, 388 Fed. Appx. 156, 162 (3d. Cir. 2010) (internal quotation marks and citation omitted).

---

within fourteen (14) business days of service of the opponent's brief in opposition." Because Defendants filed their joint reply on November 11, 2025, which is within fourteen days of Clinger's opposition brief that was filed on October 31, 2025, the Defendants did not violate the Policies and Procedures.

The Court employs a three-step process to evaluate a 12(b)(6) motion to dismiss. *Lutz v. Portfolio Recovery Assocs.*, LLC, 49 F.4th 323, 327 (3d Cir. 2022). First the Court articulates the elements of the claim. *Id.* Second, the Court reviews the complaint while disregarding formulaic recitations of the elements of a claim and any threadbare, conclusory allegations. *Id.* at 327-28. Third, the Court evaluates the plausibility of the remaining allegations while assuming the truth of the well-pleaded allegations, construing them in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor. *Id.* at 328.

## IV.    Discussion

### A.   *The Rooker-Feldman Doctrine Bars This Court from Exercising Subject Matter Jurisdiction.*

The *Rooker-Feldman* doctrine prevents federal courts from exercising subject matter jurisdiction in cases where "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F. 3d 159, 164 (3d Cir. 2010). The instant case fits precisely into the category of cases that the doctrine bars federal courts from hearing.

First, Clinger lost in state court: he admits that a default judgment was entered against him, although he disputes the procedural propriety by which the state court entered that judgment and by which certain private individuals sought to enforce that judgment. Compl. ¶ 3; ECF No. 42-3 (entry of default judgment in the Delaware County action).

Second, the state-court judgments caused Clinger's putative injuries. The relief that Clinger seeks in his Complaint is largely derivative of the effects that flow from the adverse state-court judgments. For instance, Clinger seeks a "declaratory judgment recognizing Plaintiff [Clinger] as the sole lawful owner of W.H. Clinger Corporation" and a "[v]acatur of all post-

recusal orders and docket manipulations" in the Delaware County action. Compl. at 4. These types of requested relief seek to undo—either directly or indirectly—the judgments of the Delaware County action, which makes obvious that the judgments play a central causal role regarding Clinger's putative injuries.

Third, this instant action commenced well after the state-court judgments were rendered. This Complaint was filed on September 9, 2025. Default judgment in the state action was entered on November 17, 2020. ECF No. 42-3. Although the chronology is not dispositive, the Third Circuit has counseled that "the timing of the injury" is a "useful guidepost" in determining whether state-court judgments, and not the defendants' actions, are the cause of the alleged injury. *Great Western Mining*, 615 F.3d at 167. Here, the timing supports Defendants' position.

Fourth, and finally, Clinger invites the Court to conduct impermissible appellate review of the state-court decision. *Id.* at 169. This invitation can likewise be surmised from the types of relief that Clinger seeks. Were the Court to grant Clinger's request for vacatur of the state-court judgments and alleged "docket manipulations," for "[i]mmediate injunctive relief halting enforcement, garnishments, and seizures," or for "declaratory judgment recognizing [Clinger] as the sole lawful owner of W.H. Clinger Corporation," Compl. at 4, then the Court would necessarily be forced to interfere with the state-court judgment and to review proceedings already conducted by the Delaware County court. *See Great Western Mining*, 615 F.3d at 169.

Accordingly, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction because the Court is barred from exercising jurisdiction in this instance under the *Rooker-Feldman* doctrine.

B. *The Judicial Defendants and Administrative Defendants Are Immune from Suit.*

"[T]he [Supreme] Court [has] recognized that it was 'a general principle of the highest importance to the proper administration of justice that [] judicial officer[s], in exercising the

authority vested in [them], should be free to act upon [their] own convictions, without apprehension of personal consequence to [themselves]." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).  Judges who properly preside over a dispute in state court retain judicial immunity even if "the action[s] [they] took w[ere] in error, w[ere] done maliciously, or w[ere] in excess of [their] authority." *Chilcott v. Erie Cnty. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008) (quoting *Stump*, 435 U.S. at 356)).  Accordingly, the Judicial Defendants—the Honorable Linda A. Cartisano and the Honorable John J. Whelan— are immune from suit.  The Court is therefore barred from exercising jurisdiction over this matter with respect to them under the doctrine of judicial immunity.

The Administrative Defendants—Gerald C. Montella, Mary Walk, and Thomas Harken— enjoy a similar type of immunity that bars the Court from exercising jurisdiction over this matter with respect to them.  The Third Circuit, "in a series of cases, held that various Pennsylvania agencies and entities are entitled to Eleventh Amendment immunity even though the state itself has not been named as a defendant." *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005).  In *Benn*, the Third Circuit held that Eleventh Amendment immunity extends to Pennsylvania state courts and their agencies.  This immunity covers the administrative defendants, all of whom appear to be court administrators. *See also Addlespurger v. Corbett*, 461 Fed. Appx. 82, 85 (3d Cir. 2012) ("[C]ourt administrators are similarly absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity, because their activities were an integral part of the judicial immunity.").

All claims against the Judicial Defendants and Administrative Defendants are dismissed because those Defendants are entitled to immunity.

C. *Clinger Fails to State a Claim for Relief.*

Clinger brings four claims, and not one claim contains enough factual matter to cross the threshold from possible to plausible.  Accordingly, and in the alternative to the Court's granting the motions to dismiss for lack of subject matter jurisdiction, the Court grants Defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim.

1. The 42 U.S.C. § 1983 Due Process Claim

In Count I, Clinger summarily alleges that "Defendants, acting under color of state law, deprived Plaintiff of procedural due process by denying him access to hearings, courts, and legal relief" in violation of 42 U.S.C. § 1983.  Compl. at 4.  Nowhere in the Complaint does Clinger identify whether this claim is brought against all Defendants or a subset of them.  This claim cannot go forward against the Judicial Defendants and the Administrative Defendants because, as already explained, they are immune from suit.

Assuming *arguendo* that Clinger intends to bring this claim against the remaining Defendants—the WHC Defendants, the Cohen Defendants, the GP Defendants, and Schwartz— the claim still fails.  Each of these Defendants are private persons, and Clinger has not alleged in what way they were supposedly "acting under color of state law."  Clinger alleges in the Complaint's introduction that "through a coordinated series of unlawful acts under color of state law, Defendants have seized corporate control, frozen Plaintiff's accounts, and denied him access to both his property and the courts." Compl. at 1.  Clinger also alleges that "[p]rivate attorneys coordinated with judicial actors to pursue writs of execution, garnishments, and seizures." *Id.* ¶ 8.

These allegations are too conclusory and too vague to ascertain in what way Defendants were acting under color of state law, particularly when private persons, including attorneys, are not considered state actors. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981) ("It is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer

representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").  Accordingly, Clinger's § 1983 claim is dismissed for failure to state a claim.

 2.  The 42 U.S.C. § 1985(3) Conspiracy Claim

In Count II, Clinger summarily alleges that "Defendants conspired to violate Plaintiff's civil rights through coordinated judicial and administrative suppression, docket manipulation, and fraudulent enforcement."  Like in Count I, Clinger does not specify whether this claim is brought against all Defendants or a subset of them.  For the sake of argument, this Court will again assume that Clinger intends to bring this claim against all Defendants except those immune from suit.

To state a § 1985(3) conspiracy claim, Clinger must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Bhd. Of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983) (citation omitted).  A proper § 1985(3) conspiracy claim also requires allegations that "the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identified class was invidious."  *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).

Clinger's Complaint falls woefully short of stating a § 1985(3) claim.  Nowhere in the Complaint does Clinger allege any discriminatory animus, nor any identifiable class, nor that the discrimination was invidious.  At most, Clinger simply makes a conclusory allegation that the Defendants conspired against him. *See* Compl. ¶ 8.  But that allegation does not suffice to state a plausible claim for relief.  This claim is therefore dismissed.

### 3.  The 42 U.S.C. § 1986 Neglect to Prevent Claim

In Count III, Clinger alleges that the "[j]udicial officers and court administrators, having knowledge of the above violations, failed to act to prevent harm."  Because this claim is brought only against the Judicial Defendants and Administrative Defendants and because these Defendants are immune from suit, this claim is dismissed.

### 4.  The State Law Claims

In Count IV, Clinger lists various state law claims—including wrongful use of civil proceedings, abuse of process, fraud upon the court, professional negligence, and elder exploitation.  The Court has dismissed all federal claims over which it had original jurisdiction and declines to exercise supplemental jurisdiction over the remaining state law claims.  If he chooses to do so, Cling may file those state claims in the appropriate state court.

## V.    Conclusion

For the reasons stated above, the Court grants Defendants' motions to dismiss.  Because amendment to the Complaint is futile, the dismissal is with prejudice.  An appropriate Order will be entered separately.